**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUN 1 1 2002

DARLENE DAVID, Individually and as the      *
next best friend of MONICA POURSHAYEGAN
11506 ELKIN STREET      *
#203
WHEATON, MD 20902      *

         **Plaintiff,**      *

vs.      CASE NUMBER  1:02CV01145

     JUDGE: Richard W. Roberts

**THE DISTRICT OF COLUMBIA**
Serve: Anthony Williams, Mayor      DECK TYPE: Civil Rights (non-employment
1350 Pennsylvania Avenue, NW
Washington, DC 20004      DATE STAMP: 06/&#9679;/2002

                                     //

and      Case No.:

     *

**ANDRE B. DAVIS**
Metropolitan Police Department      *
1700 Rhode Island Avenue, N.E.
Washington, D.C.      *
in both his official and individual capacities

     *

and      *

**CHILDREN'S HOSPITAL NATIONAL**
**MEDICAL CENTER**      *
111 Michigan Avenue, N.W.
Washington, D.C.  20010      *

Defendants.      *

**ECF**

**JURY ACTION**

## COMPLAINT

**(Police Brutality/Excessive Force; False Arrest/False Imprisonment; Assault & Battery;**
**Deprivation of Civil Rights; Negligent/Intentional Infliction of Emotional Distress.)**

### INTRODUCTION

    1.  This is a civil action brought pursuant to 42 U.S.C. Section 1983 seeking damages against

the municipal defendants for committing acts under color of law which deprived Darlene David of

rights secured under the Constitution and laws of the United States.

2. In addition, it is a civil action seeking damages against the defendants for intentional wrongdoing and acts under common law.

## JURISDICTION

3. Jurisdiction exists in this case pursuant to the Fourth Amendment to the Constitution, and under 42 U.S.C. § 1983, 28 U.S.C. §1331, 28 U.S.C. § 1343 and D.C. Code § 11-921.

4. The District of Columbia was given notice of this claim by letter dated November 5, 2001.

## PARTIES

5. Darlene David, was at all times relevant herein, a United States citizen and a resident of the District of Columbia.

6. Monica Pourshayegan is the minor daughter of plaintiff Darlene David and the suit is being brought on her behalf for the infliction of emotional distress.

7. Andre B. Davis, was at all times relevant to this proceeding a Metropolitan Police Officer acting within the course and scope of his employment with defendant District of Columbia. This defendant is being sued in his individual and official capacities.

8. Defendant District of Columbia is a Municipal Corporation and at all times herein was responsible for the actions of the members of its police department.

9. Defendant Children's Hospital and National Medical Center was at all times relevant herein a hospital located in the District of Columbia rendering diagnosis and treatment through its agent and employees.

## STATEMENT OF R RELEVANT FACTS

10. On June 11, 2001, Darlene David was called at home and advised by Detective Greer

(sic) of the Metropolitan Police Department that her minor daughter had been sexually assaulted and had been taken to Children's Hospital.

11. Plaintiff David, who was frantic, immediately drove from her home into the District, stopped to pick up her mother and arrived at Children's Hospital a short time later.

12. Upon her arrival at Children's Hospital, plaintiff David sought and was refused information about her minor daughter by both Children's Hospital personnel and the Metropolitan Police personnel on the scene.

13. As plaintiff David stood in the emergency room with her mother searching for her daughter, she spotted her in a treatment room. At about the same time, her daughter spotted her and began calling her. Plaintiff David immediately ran to her child. As plaintiff David entered the room where her minor child was being treated outside her presence, and without her consent, her mother followed her.

14. When plaintiff David and her mother reached her minor daughter, her child began to sob uncontrollably and wrapped her arms around the waist of her mother. As this scene was unfolding, defendant Davis and others from the Metropolitan Police Department and one Hardy Jones, among others, from Children's Hospital security, pulled plaintiff from the grasp of her child and slammed her into a wall knocking her unconscious.

15. As a result of the actions of defendant Davis, Hardy Jones and others in the employ of the defendants District of Columbia and Children's Hospital, plaintiff David suffered serious bodily injury and mental anguish. In addition, plaintiff's daughter suffered severe emotional distress as a result of defendants' actions as well.

16. After knocking plaintiff unconscious and causing her child further distress by their

-3-

treatment of her mother in front of them, the defendants then, in what can only be described as stupefying behavior, arrested plaintiff David for alleged disorderly conduct even though no basis in fact or law existed for such a charge.

17. At all times relevant to this action, the District of Columbia had in effect and was responsible for the actions of its defendant police officers in their actions taken relating to the plaintiffs. Similarly, Children's Hospital was at all times relevant herein responsible for the actions taken by security personnel relative to the plaintiffs herein.

## COUNT I
### (Excessive Force/Police Brutality)

18. Plaintiff incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19. At all times relevant herein, defendants had a duty to employ only reasonable measures in their interaction and treatment of plaintiff David.

20. Notwithstanding said duties, the defendant officer and defendants District of Columbia and Children's Hospital through its employees and/or agents, wrongfully and unlawfully used excessive and unreasonable force on plaintiff David inasmuch as no force whatsoever was warranted under the circumstances nor authorized.

21. Defendants District of Columbia and Children's Hospital approved and/or condoned the actions of its employees and/or agents thus, any and all liability on the part of its employees and/or agents is imputed to defendants District of Columbia and Children's Hospital.

22. As a direct and proximate result of the intentional and wrongful actions of the defendants, plaintiff David suffered severe personal injuries.

Wherefore, plaintiff David demands judgment against defendants, jointly and severally, in

-4-

the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive

damages, plus interest and costs.

## COUNT II
### (Assault & Battery)

23. Plaintiff incorporates, by reference, paragraphs 1 through 17 as is fully set forth herein.

24. The defendants without proper grounds, willfully and maliciously beat, and slammed

plaintiff David into a wall causing her to lose consciousness.  Each of the injuries suffered by

plaintiff David were inflicted without provocation from plaintiff David and while she was presenting

no immediate threat to anyone.

25. As a direct and proximate result of defendants' willful, malicious and intentional actions,

the plaintiff suffered serious bodily injury as her mother and daughter pleaded with the rogue

defendants and their other unidentified cohorts to stop the unprovoked assault.

Wherefore, plaintiff David demands judgment against defendants, jointly and severally, in

the full and fair amount of One Million Dollars ($1,000,000.00) in compensatory and punitive

damages, plus interest and costs.

## COUNT III
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

26. Plaintiff incorporates, by reference, paragraphs 1 through 17 as is fully set forth herein.

27. Plaintiff further alleges that defendant Davis, with deliberate indifference to and reckless

disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the

Constitution, did on June 11, 2001, commit acts which deprived plaintiff of her Constitutional rights.

28. As a direct and proximate result of defendant Davis' actions, plaintiff David was

severely and seriously injured by the renegade defendant police officer, acting outside the parameters

of law and decency.

Wherefore, plaintiff demands judgment against defendant Davis in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT IV
### (Intentional/Negligent Infliction of Emotional Distress)

29. Plaintiff incorporates, by reference, paragraphs 1 through 17 as is fully set forth herein.

30. The defendants intentionally and/or negligently caused severe emotional distress to plaintiff David and her daughter by extremely negligent, reckless, malicious and indifferent conduct, including but not limited to beating and slamming plaintiff David against a wall.

31. As a direct and proximate result of defendants extremely negligent, reckless, malicious and indifferent conduct, plaintiff David suffered severe pain, emotional distress, and mental anguish as she was being beaten and slammed against a wall and her daughter was caused additional and severe emotional distress when her mother was pulled from her embrace and knocked into unconsciousness.

Wherefore, plaintiffs demand judgment against defendants, jointly and severally, in the full and fair amount of Five Million Dollars ($5,000,000.00) in compensatory and punitive damages, plus interest and costs.

## COUNT V
### (False Arrest – Imprisonment)

32. Plaintiff incorporates, by reference, paragraphs 1 through 17 as is fully set forth herein.

33. On the above referenced date and time the defendants wrongfully and unlawfully arrested and detained plaintiff David. The plaintiff committed no act against either defendant or any other

party to subject her to arrest, imprisonment, restraint or detention.

34. As a direct and proximate result of the false arrest and imprisonment of the plaintiff by the defendants, plaintiff David suffered discomfort, distress and loss of liberty and has suffered, and will continue to suffer, psychological harm and mental anguish including fright, shame, mortification, humiliation and embarrassment from the indignity and disgrace of being unlawfully arrested, taken into custody and grossly mistreated.

Wherefore, plaintiff David demands judgment against defendants, jointly and severally, in the full and fair amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Gregory L. Lattimer, [371926]
1200 G Street, N.W.
Suite 370
Washington, D.C.  20005
Tel. (202) 628-1105