```
                      UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
**DARLENE DAVID**, *et al.*,         )
                                    )
      Plaintiffs,           )
                                    )
  v.                           )     Civil Action No. 02-1145 (RWR)
                                    )
**DISTRICT OF COLUMBIA**, *et al.*, )
                                    )
      Defendants.           )
_____ )

## MEMORANDUM OPINION AND ORDER

On April 29, 2005, a jury unanimously found that Children's National Medical Center ("CNMC") negligently inflicted emotional distress on Monica Pourshayegan. CNMC now has renewed its motion for judgment as a matter of law, arguing that Pourshayegan produced insufficient evidence to establish that she suffered a serious and verifiable injury. Because a reasonable jury could have found from the evidence presented at trial that Pourshayegan's emotional distress was serious and verifiable, CNMC's motion for judgment as a matter of law will be denied.

### BACKGROUND

The evidence at trial, viewed in the light most favorable to the prevailing plaintiffs, revealed the following. On June 11, 2001, Pourshayegan was taken by Metropolitan Police Department officers to CNMC after reporting a sexual assault. The officers asked Pourshayegan for information so that they could contact her mother, Darlene David. Pourshaygen refused to give the officers

- 2 -

the information because she did not want her mother to see her in the condition she was in after the assault.  The police contacted David anyway and informed her that her daughter had been sexually assaulted and taken to CNMC.  David arrived at the hospital, sought out Pourshayegan and immediately embraced her upon locating her room.  At that time, Metropolitan Police Department officers and CNMC security pulled David from Pourshayegan and forcibly removed David from the room over objections by Pourshayegan.  Once outside the room, David was thrown against the wall and fell to the floor.  Pourshayegan remembered seeing David on the floor in the hallway.

Pourshyegan sued CNMC for negligent infliction of emotional distress.  In describing her emotional distress, Pourshayegan testified about the incident, "It affects me to this day.  I dream about it.  I can't sleep."  (Trial Tr. at 21, Apr. 27, 2005.)  In addition, David testified that Pourshayegan "cries a lot" because of the incident.  (See CNMC's Mem. P. & A. in Supp. of Mot. for J. as a Matter of Law at 6; Pourshayegan's Opp'n at 6.)  No expert testimony was offered at trial to substantiate Pourshayegan's emotional distress.  Before the case was submitted to the jury, CNMC moved for judgment as a matter of law.  The court reserved ruling on the motion and submitted the case to the jury.  The jury returned a verdict in favor of Pourshayegan.

- 3 -

CNMC now renews its motion for judgment as a matter of law, arguing that the evidence produced at trial was insufficient as a matter of law to establish that Pourshayegan suffered a serious and verifiable injury.  Pourshayegan opposes the motion, arguing that testimony at trial established that she experienced recurring dreams for at least four years, was unable to sleep at night, and suffered crying spells all due to CNMC's negligence.

## DISCUSSION

A party "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment[.]"  Fed. R. Civ. P. 50(b).  Judgment as a matter of law is appropriate only where "a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find for [the non-moving] party on that issue."  Fed. R. Civ. P. 50(a)(1).  When considering such a motion, a district court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, but may not make credibility determinations or weigh the evidence.  Thomas v. Mineta, 310 F. Supp. 2d 198, 204 (D.D.C. 2004) (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000)).  "Accordingly, the court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'"  Id.

- 4 -

In the District of Columbia, a plaintiff may recover for negligent infliction of emotional distress if the plaintiff proves (1) that the plaintiff suffered either a physical impact or was within the zone of danger of the defendant's actions, (2) that the plaintiff suffered emotional distress that was serious and verifiable, and (3) that the defendant acted negligently. see Bernstein v. Roberts, 405 F.Supp.2d 34, 41 (D.D.C. 2005); see also Jones v. Howard University, 589 A.2d 419, 424 (D.C. 1991). With regard to establishing a serious and verifiable injury, the D.C. Court of Appeals has said:

> The fact that the different forms of emotional disturbance are accompanied by transitory, non-recurring physical phenomena, harmless in themselves, such as dizziness, vomiting, and the like, does not make the actor liable where such phenomena are in themselves inconsequential and do not amount to any substantial bodily harm.  On the other hand, long-continued nausea or headaches may amount to physical illness, which is bodily harm; and even long continued mental disturbance, as for example in the case of repeated hysterical attacks, or mental aberration, may be classified by the courts as illness, notwithstanding their mental character.

Williams v. Baker, 572 A.2d 1062, 1068 (D.C. 1990) (quoting Restatement (Second) of Torts § 436A cmt. c).

Here, Pourshayegan presented sufficient evidence for a reasonable jury to conclude that she suffered a serious and verifiable injury.  Pourshayegan testified that the incident at the hospital "affects me to this day.  I dream about it.  I can't sleep."  (Trial Tr. at 21, Apr. 27, 2005.)  In addition, David

testified that Pourshayegan "cries a lot" because of the incident. (See CNMC's Mem. P. & A. in Supp. of Mot. for J. as a Matter of Law at 6; Pourshayegan's Opp'n at 6.) From this testimony, the jury could have reasonably inferred that Pourshayegan had experienced recurring nightmares, sleeplessness, and crying spells since the night of the incident on June 11, 2001. As the D.C. Court of Appeals explained, long-lasting physical phenomena -- in this case, recurring nightmares, sleeplessness and crying spells lasting four years -- may amount to a cognizable injury under the tort of negligent infliction of emotional distress. See Williams, 572 A.2d at 1068; cf. District of Columbia v. McNeill, 613 A.2d 940, 944 (D.C. 1992) (holding a plaintiff's shock and recurring nightmares amounted to cognizable emotional injuries in a wrongful death and survival action).[1]

---

[1] CNMC also argues that absent expert testimony "there was simply no substantial evidentiary basis on which a jury could conclude that the claimed emotional distress in this case was in any way attributable to the events at Children's Hospital on June 11, 2001[.]" (CNMC's Mem. P. & A. in Supp. of Mot. for J. as a Matter of Law at 15.) This argument is meritless. The D.C. Court of Appeals has not required that expert testimony be presented to establish a serious and verifiable injury, so it was not necessary for Pourshayegan to do so. Pourshayegan's and David's testimony were sufficient for the jury to rely on in finding that Pourshayegan's emotional distress was serious and verifiable and caused by defendant's negligence on June 11, 2001. Cf. Daskela v. District of Columbia, 227 F.3d 433, 444 (D.C. Cir. 2000) (noting that "it does not take an expert to confirm the jury's common sense with respect to both [the] existence and cause" of plaintiff's emotional distress).

- 6 -

## CONCLUSION AND ORDER

Pourshayegan presented sufficient evidence at trial for a reasonable jury to find that she suffered serious and verifiable emotional distress caused by CNMC's negligence.  Accordingly, it is hereby

ORDERED that CNMC's motion [60] for judgment as a matter of law be, and hereby is, DENIED.

SIGNED this 5th day of June, 2006.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```