UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
DARLENE DAVID et al.,          )
                               )
        Plaintiffs,            )
                               )
    v.                         )    Civil Action No. 02-1145 (RWR)
                               )
DISTRICT OF COLUMBIA et al.,   )
                               )
        Defendants.            )
_____)
```

MEMORANDUM OPINION

On April 29, 2005, a jury returned a verdict for plaintiff
Darlene David on her claims of assault and battery against the
District of Columbia and Children's National Medical Center
("CNMC"), deprivation of her constitutional rights under 42
U.S.C. § 1983 against Metropolitan Police Department Officer
Andre Davis, and against all defendants for negligent infliction
of emotional distress and false arrest and imprisonment.  The
jury also found for plaintiff Monica Pourshayegan on her claim of
negligent infliction of emotional distress against all
defendants, and awarded compensatory and punitive damages to both
plaintiffs.  Defendants District of Columbia and Davis have
renewed their motion for judgment as a matter of law, arguing
that no reasonable jury could have found for David on her claims
of deprivation of her constitutional rights, negligent infliction
of emotional distress, and false arrest and imprisonment against
Davis, nor for Pourshayegan on her claim for negligent infliction

- 2 -

of emotional distress.  Defendants also argue that the jury had

no reasonable basis to award punitive damages.  Because a

reasonable jury could have found for the plaintiffs on all of

these claims and awarded punitive damages, defendants' motion for

judgment as a matter of law will be denied.

<u>BACKGROUND</u>

David sued the District of Columbia, Officer Davis and CNMC

for assault and battery, intentional infliction of emotional

distress, negligent infliction of emotional distress, and false

arrest and imprisonment and Officer Davis for deprivation of her

constitutional rights under color of state law.  Pourshayegan

sued each of the defendants for negligent infliction of emotional

distress.  The evidence at trial, viewed in the light most

favorable to the prevailing plaintiffs, revealed the following.

On June 11, 2001, Davis and a female detective took Pourshayegan

to CNMC after Pourshayegan reported that she had been the victim

of a sexual assault.  Davis asked Pourshayegan for her mother's

name and number so that he could contact her.  Pourshayegan

refused to give him this information because she did not want her

mother to see her in the condition she was in after the assault.

The police department managed to contact David anyway and

informed her that her daughter had been sexually assaulted and

taken to CNMC.  David arrived at the hospital accompanied by her

mother Joyce Lathon, sought out Pourshayegan and immediately

- 3 -

embraced her daughter upon locating her daughter's room.  At that time, Metropolitan Police Department officers and CNMC security pulled David from Pourshayegan and forcibly removed David from the room over objections by Pourshayegan.  Lathon testified that David was talking to Pourshayegan when the officers and security guards approached David, and that David had not physically or verbally provoked them.  Pourshayegan testified that she could not remember exactly who among the officers and the security guards forcibly removed David from the hospital room.  Davis's testimony implied that he played a role in the decision to arrest David, but he denied physically removing David from the room.  In any event, once outside the room, David was thrown against the wall and fell to the floor.  Pourshayegan remembered seeing David on the floor in the hallway.  David woke up in a hospital examination room handcuffed to the bed, having been arrested for disorderly conduct.  Pourshayegan testified about the incident, "[i]t affects me to this day.  I dream about it.  I can't sleep." (Trial Tr. at 21, Apr. 27, 2005.)  In addition, David testified that Pourshayegan "cries a lot" because of the incident.  (See Plaintiffs' Opp'n at 13.)  No expert testimony was offered at trial to substantiate Pourshayegan's emotional distress.  Before the case was submitted to the jury, defendants moved for judgment as a matter of law as to all claims except assault and battery.

- 4 -

The court reserved ruling on the motion and submitted the case to the jury.

The jury returned a verdict for David on her claims against CNMC and the District of Columbia for assault and battery, against Davis for deprivation of her constitutional rights under color of state law, and against all the defendants for negligent infliction of emotional distress and false arrest and imprisonment.  The jury awarded David $32,001 in compensatory damages and $1 in punitive damages.  On Pourshayegan's claim of negligent infliction of emotional distress, the jury found each defendant liable and awarded Pourshayegan $25,001 in compensatory damages and $1 in punitive damages.  The jury found for defendant Davis on David's assault and battery claim and for all defendants on David's intentional infliction of emotional distress claim.

The District of Columbia and Davis now renew their motion for judgment as a matter of law.  They argue the jury's verdict for Davis on assault and battery precludes Davis's liability on David's constitutional and false arrest claims and that, in any event, Davis is entitled to qualified immunity from those claims. Defendants also maintain that the evidence presented at trial was insufficient for a reasonable jury to have found defendants liable for punitive damages or liable to Pourshayegan for negligent infliction of emotional distress.  Plaintiffs oppose the motion.

- 5 -

<u>DISCUSSION</u>

A party "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment[.]"  Fed. R. Civ. P. 50(b).  Judgment as a matter of law is appropriate only where "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for [the nonmoving] party on that issue." Fed. R. Civ. P. 50(a)(1).  When considering such a motion, a district court should review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party, but may not make credibility determinations or weigh the evidence.  <u>Thomas v. Mineta</u>, 310 F. Supp. 2d 198, 203 (D.D.C. 2004) (citing <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 149-50 (2000)).  "Accordingly, the court 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'"  <u>Thomas</u>, 310 F. Supp. 2d at 203 (quoting <u>Reeves</u>, 530 U.S. at 151).

I.   FALSE ARREST AND IMPRISONMENT

"The unlawful detention of a person without a warrant for any length of time whereby he is deprived of his personal liberty or freedom of locomotion . . . by actual force, or by fear of force, or even by words constitutes false imprisonment." <u>Weishapl v. Sowers</u>, 771 A.2d 1014, 1020 (D.C. 2001) (quoting <u>Dent v. May Dep't Stores, Co.</u>, 459 A.2d 1042, 1044 (D.C. 1982).

- 6 -

The only evidence produced at trial tying Davis to David's arrest to which defendants cite is David's testimony that Davis and a CNMC security officer grabbed her.  (Defs.' Mot. for J. as a Matter of Law at 8.)  Because the jury found for Davis with respect to assault and battery, defendants contend that the jury's verdict in favor of David's false arrest claim "is inconsistent with the evidence and cannot stand."  (Defs.' Mot for J. as a Matter of Law at 8-9.)  This argument does not recount fully the evidence produced at trial viewed in the light most favorable to plaintiffs.  When asked to identify who pulled her mother from the examination room, Pourshayegan responded, "I can't -- I don't remember.  It was -- it was between the detective.  It was between a security guard.  It was between the hospital staff and the police or Detective Davis."  (Trial Tr. 16:3-6, Apr. 27, 2005.)  In addition, Davis testified about David's arrest:

> Q:   And you told Grier what to arrest [David] for, right?
>
> A:   No.  I told Detective Grier and Sergeant Simms what I was going to lock her up for.
>
> Q:   And you told them what to arrest her for, right?
>
> A:   No.  I can't tell anybody what to arrest them for.  I told her what I was arresting her for.
>
> Q:   All right.  What you were arresting her for?
>
> A:   Yes, what I was going to arrest her for, yes.

- 7 -

(Trial Tr. 60:2-9, Apr. 26, 2005.)  Lathon also testified that
David did nothing to provoke the arrest.  Viewing the evidence in
the light most favorable to the prevailing plaintiffs, the jury
could reasonably conclude that Davis was liable for falsely
arresting David.  It is of no consequence that the jury did not
find Davis liable for assault and battery.  Words alone may
result in liability for false arrest and imprisonment.  See
Weishapl, 771 A.2d at 1020.

II.  § 1983 CLAIM AND QUALIFIED IMMUNITY

        In order to recover under 42 U.S.C. § 1983, a plaintiff must
prove a deprivation of a right secured by the Constitution and
laws of the United States by someone acting under the color of
state law.  See Weishapl, 771 A.2d at 1022.  "It is well settled
that an arrest without probable cause violates the fourth
amendment."  Martin v. Malhoyt, 830 F.2d 237, 262 (D.C. Cir.
1987).  However, "[q]ualified immunity protects government
officials from liability for civil damages insofar as their
conduct does not violate clearly established statutory or
constitutional rights of which a reasonable person would have
known."  Barham v. Ramsey, 434 F.3d 565, 572 (D.C. Cir. 2006)
(quoting Int'l Action Ctr. v. United States, 365 F.3d 20, 24
(D.C. Cir. 2004)) (internal quotation marks omitted).  In
assessing whether qualified immunity applies in a particular
case, a district court must first determine if the facts alleged

- 8 -

show that the officer's conduct violated a constitutional right.
Saucier v. Katz, 533 U.S. 194, 201 (2001).  Second, the court
must determine if the right was clearly established.  Id.  The
"contours of the right must be sufficiently clear that a
reasonable official would understand that what he is doing
violates that right."  Anderson v. Creighton, 483 U.S. 635, 640
(1987).  In evaluating the applicability of qualified immunity in
a renewed motion for judgment as a matter of law, the evidence
must be viewed "in the light most favorable to the Plaintiffs,
taking all inferences in their favor."  Champion v. Outlook
Nashville, Inc., 380 F.3d 893, 900 (6th Cir. 2004); see Pitt v.
District of Columbia, 404 F. Supp. 2d 351, 355 (D.D.C. 2005)
(looking to jury verdict for factual determinations used in
qualified immunity analysis in a Rule 50(b) motion).

Defendants contend that Davis is entitled to judgment as a
matter of law with respect to David's § 1983 claim because Davis
could not have used excessive force on or falsely arrested David
in light of the jury's finding for Davis with respect to assault
and battery.  However, as is discussed above, the jury could
reasonably find that Davis was liable for the false arrest of
David.  For that reason, the jury also could reasonably conclude

- 9 -

that Davis violated David's right to be free from arrest without legal justification, in violation of her constitutional rights.[1] Further, Davis is not protected by qualified immunity.  Viewing the facts in the light most favorable to the prevailing plaintiffs, Davis arrested David without probable cause and therefore unreasonably violated her clearly established Fourth Amendment rights under color of state law.

III. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

     In the District of Columbia, a plaintiff may recover for negligent infliction of emotional distress if the plaintiff proves (1) that the plaintiff suffered either a physical impact or was within the zone of danger of the defendant's actions, (2) that the plaintiff suffered emotional distress that was serious and verifiable, and (3) that the defendant acted negligently. see Bernstein v. Roberts, 405 F. Supp. 2d 34, 41-42 (D.D.C. 2005); see also Jones v. Howard Univ., Inc., 589 A.2d 419, 424 (D.C. 1991).  With regard to establishing a serious and verifiable injury, the D.C. Court of Appeals has said:

>     The fact that the different forms of emotional
>     disturbance are accompanied by transitory,
>     non-recurring physical phenomena, harmless in

---

[1] It is unnecessary to consider the defendants' argument that in light of the jury's finding for Davis on David's assault and battery claim, Davis could not have used excessive force. The jury could reasonably conclude that Davis violated David's right to be free from arrest without legal justification, and that alone is sufficient to sustain the jury's verdict on the § 1983 claim.

- 10 -

themselves, such as dizziness, vomiting, and the like,
does not make the actor liable where such phenomena are
in themselves inconsequential and do not amount to any
substantial bodily harm.  On the other hand,
long-continued nausea or headaches may amount to
physical illness, which is bodily harm; and even long
continued mental disturbance, as for example in the
case of repeated hysterical attacks, or mental
aberration, may be classified by the courts as illness,
notwithstanding their mental character.

Williams v. Baker, 572 A.2d 1062, 1068 (D.C. 1990) (quoting

Restatement (Second) of Torts § 436A cmt. c).

    A.   David's claim

    Defendants argue that the jury's verdict for David's claim

of negligent infliction of emotional distress cannot stand

because "[t]he record evidence is insufficient to find that any

conduct on the part of Davis caused any physical injury to

David."[2]  (Defs.' Mot. for J. as a Matter of Law at 11.)

    Defendants' argument misses the mark.  David need not suffer

a physical injury to recover for negligent infliction of

emotional distress.  It is sufficient that David was in the zone

of danger and Davis's negligence caused David to fear for her

safety.  A reasonable jury could have concluded from the evidence

_____

    [2] Defendants argue for the first time in their reply that
they are entitled to judgment as a matter of law on this claim
because David's emotional distress was not serious and
verifiable.  (Defs.' Reply at 15-16.)  Because defendants did not
raise this argument in their original motion, the argument is
deemed waived and will not be considered.  See Pub. Citizen
Health Research Group v. Nat'l Insts. of Health, 209 F. Supp. 2d
37, 43-44 (D.D.C. 2002).

- 11 -

presented at trial that Davis's negligent conduct in effecting
the false arrest of David created a zone of danger and caused
David to fear for her safety, resulting in emotional distress.

B.   Pourshayegan's claim

Defendants argue that no reasonable jury could have found
for Pourshayegan on her claim of emotional distress because "the
evidence does not show she was in fear for her safety, or that
she suffered a serious and verifiable injury."  (Defs.' Mot. for
J. as a Matter of Law at 13.)

Contrary to defendants' assertion, Pourshayegan presented
sufficient evidence for a reasonable jury to conclude that she
suffered a serious and verifiable injury.  Pourshayegan testified
that the incident at the hospital "affects me to this day.  I
dream about it.  I can't sleep."  (Trial Tr. at 21, Apr. 27,
2005.)  In addition, David testified that Pourshayegan "cries a
lot" because of the incident.  (Plaintiffs' Opp'n at 13.)  From
this testimony, the jury could have reasonably inferred that
Pourshayegan had experienced recurring nightmares, sleeplessness,
and crying spells since the night of the incident on June 11,
2001.  As the D.C. Court of Appeals explained, long-lasting
physical phenomena -- in this case, recurring nightmares,
accompanying sleeplessness and crying spells over four years  --
may amount to a cognizable injury under the tort of negligent
infliction of emotional distress.  See Williams, 572 A.2d at

1068; cf. District of Columbia v. McNeill, 613 A.2d 940, 944

(D.C. 1992) (holding a plaintiff's shock and recurring nightmares

amounted to cognizable injuries in a wrongful death and survival

action).[3]  In addition, the jury could reasonably infer that

Pourshayegan feared for her safety because she was in the zone of

danger of the defendants' negligent conduct and experienced

emotional distress.  See Jarka v. Yellow Cab Co., 637 N.E.2d

1096, 1102 (Ill. App. Ct. 1994) (holding that a bystander's

presence in the zone of physical danger can give rise to a

reasonable inference that the bystander feared for his safety).

IV.  PUNITIVE DAMAGES

    "Punitive damages are warranted only when the defendant

commits a tortious act accompanied with fraud, ill will,

recklessness, wantonness, oppressiveness, wilful disregard of the

plaintiff's rights, or other circumstances tending to aggravate

the injury."  Caulfield v. Stark, 893 A.2d 970, 979-80 (D.C.

2006) (quoting Washington Med. Ctr., Inc. v. Holle, 573 A.2d

---

[3] Defendants note that "there were no medical experts who
testified on [Pourshayegan's] behalf at trial."  (Defs.' Mot. for
J. as a Matter of Law at 15.)  This is of no moment.  The D.C.
Court of Appeals has not required that expert testimony be
presented to establish a serious and verifiable injury, so it was
not necessary for Pourshayegan to do so.  Pourshayegan's and
David's testimony were sufficient for the jury to rely on in
finding that Pourshayegan's emotional distress was serious and
verifiable and caused by defendants' negligence on June 11, 2001.
Cf. Daskalea v. District of Columbia, 227 F.3d 433, 444 (D.C.
Cir. 2000) (noting that "it does not take an expert to confirm
the jury's common sense with respect to both [the] existence and
cause" of plaintiff's emotional distress).

- 13 -

1269, 1284 (D.C. 1990) (internal quotations and citations
omitted)).  "Because direct proof will rarely be available, the
finder of fact may infer the requisite mental state from all
facts and circumstances surrounding the case."  Holle, 573 A.2d
at 1284.

Defendants argue that "[t]he award of one dollar for
punitive damages for David and one dollar for punitive damages
for Pourshayegan must be vacated because the record is
insufficient to find that Davis acted with malice or the like or
that the conduct was outrageous."  (Defs.' Mot. for J. as a
Matter of Law at 12.)  However, taking the evidence in the light
most favorable to the plaintiffs, the jury could reasonably infer
that tearing away a comforting mother from her daughter who had
just been the victim of a sexual assault, throwing the mother
against the wall, and falsely arresting the mother reflected a
wantonness and wilful disregard for the plaintiffs' rights.

<u>CONCLUSION</u>

Plaintiffs presented sufficient evidence at trial for the
jury reasonably to find defendants liable for falsely arresting
and imprisoning David, depriving David of constitutional rights
and negligently inflicting emotional distress upon both
plaintiffs.  Davis is not immune under a theory of qualified
immunity because, viewing the facts in the light most favorable
to the prevailing plaintiffs, Davis arrested David without

- 14 -

probable cause and therefore unreasonably violated her clearly established Fourth Amendment rights under color of state law. Finally, plaintiffs presented sufficient evidence to sustain the jury award of punitive damages because the jury could infer from all the facts and circumstances a wantonness and wilful disregard for the plaintiffs' rights.  Accordingly, defendants' motion for judgment as a matter of law will be denied.  A final Order accompanies this Memorandum Opinion.

    SIGNED this 30th day of June, 2006.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge