UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE DAVID, et al.,

    Plaintiffs,

      v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 02-1145
RWR/DAR

**MEMORANDUM OPINION AND ORDER**

Plaintiff's [Darlene David's] Motion for Attorneys' Fees and Costs (Document No. 82) ("Plaintiff's Motion") is pending for determination by the undersigned.[1] Upon consideration of the motion, the memoranda in support thereof and in opposition thereto, and the relevant portions of the record herein, Plaintiff's motion will be granted in part, and Defendant Davis will be ordered to pay Plaintiff Darlene David her costs, including reasonable attorney's fees, in accordance with the findings set forth herein.

**BACKGROUND**

Plaintiff, in this action, sought damages for her injuries and those of her minor daughter arising from an assault against her while in a treatment room with her daughter at Children's National Medical Center ("CNMC"). Plaintiff named as defendants the District of Columbia;

---

[1] The referral from the assigned United States District Judge was "for motion for attorney fees." *See* July 24, 2006 Referral. Because the pending motion is one "other than those motions specified in LCvR 72.3[,]" said motion may be determined by the undersigned in accordance with Local Civil Rule 72.2.

David, et al. v. District of Columbia, et al.                                                                                         2

Andre Davis, the officer of the Metropolitan Police Department who, Plaintiff alleged, assaulted her (and who was sued in both his individual and official capacities); and CNMC (some of whose employees, Plaintiff alleged, also participated in the assault).  Complaint, ¶¶5-9, 14-16.  Of the five counts of the Complaint, four alleged common law torts by all of the defendants.  In only one count was a violation of Section 1983 alleged: "Deprivation of Civil Rights, 42 U.S.C. § 1983[,]" solely as to the officer.  *Id.,* ¶¶18-34.

The claims of Plaintiff David and her daughter were tried to a jury.  The jury found in favor of Plaintiff David on her claims against Defendant District of Columbia, and awarded her $2,000 in compensatory damages.  The jury found in favor of Plaintiff David on her claims against Defendant Davis, and awarded her one dollar in compensatory damages and one dollar in punitive damages.  Finally, the jury found in favor of Plaintiff David on her claims against CNMC, and awarded her $30,000 in damages.  The trial court entered judgments on the verdicts.  Judgment on the Verdict (Document Nos. 52, 53, 54).  The trial court denied the motion for judgment as a matter of law filed by Defendants District of Columbia and Davis.  Memorandum Opinion (Document No. 79) at 2, 13-14.[2]

Plaintiff David moves for an award of attorneys' fees and costs "in accordance with Fed. R. Civ. P. 54, **and as provided by 42 U.S.C. § 1988,** . . . on the grounds that she was the prevailing party in the above entitled litigation [.]" Plaintiff's Motion at 1 (emphasis supplied).

---

[2]  The jury found in favor of Plaintiff David's minor daughter on her claims against Defendant Davis, and awarded her one dollar on compensatory damages and one dollar in punitive damages.  The jury found in favor of Plaintiff David's minor daughter on her claims against Defendant District of Columbia, and awarded her $5,000 in damages.  The jury found in favor of Plaintiff David's minor daughter on her claims against Children's Hospital, and awarded her $20,000 in damages.  The trial court entered judgments on the verdicts.  Judgment on the Verdict (Document Nos. 55, 56, 57).  The trial court denied the motion for judgment on the verdict filed by Children's Hospital.  Memorandum Opinion and Order (Document No. 78) at 1, 6.

David, et al. v. District of Columbia, et al.                                                                                          3

Plaintiff David states that "a jury concluded that defendants Children's National Medical Center, the District of Columbia and Andre Davis were liable for the false arrest and violation of the constitutional rights of plaintiff David[,] [and] [a]ccordingly, . . . award[ed] the plaintiff David $32,002 in damages." *Id.*[3]  Plaintiff requests an award of attorneys' fees in the amount of $114,435.75, and "costs and expenses" in the amount of $2,557.63.  *Id.*

Defendant CNMC opposes Plaintiff's motion "to the extent the motion purports to assert a claim for an award of attorney's fees and costs against this defendant[,] . . . [as] [n]o [Section 1983] claims were asserted or could [have been] asserted against CNMC."  Opposition of Defendant Children's National Medical Center to Plaintiff's Motion for Attorney's Fees and Costs (Document No. 83) at 1.[4]

Defendants District of Columbia and Davis submit that Plaintiff David can recover fees and costs only with respect to her Section 1983 claim against Defendant Davis.  Defendants' District of Columbia and Andre Davis' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Attorney Fees ("District's Opposition") (Document No. 88) at 2.[5]  These defendants submit that while Plaintiff David prevailed with respect to her Section 1983 claim

---

[3] In the memorandum in support of her motion, Plaintiff David states that "the jury found the **defendants** liable, pursuant to 42 U.S.C. § 1983, for violating the [plaintiff's] Fourth Amendment Right to be free from an unreasonable seizure."  Memorandum of Points and Authorities in Support of Plaintiff's Motion for Attorneys' Fees and Costs (Plaintiff's Memorandum") at 1 (emphasis supplied).  However, Plaintiff David asserted a Section 1983 claim against only one defendant, *i.e.,* Defendant David.  While the jury found in favor of Plaintiff with respect to her Section 1983 claim against Defendant David, the jury limited its award to compensatory damages in the amount of one dollar, and punitive damages in the amount of one dollar.

[4] Defendant CNMC erroneously suggests that Plaintiff David asserted Section 1983 claims against "the municipal defendants[.]"  *Id.* at 1.  Rather, Plaintiff David asserted a Section 1983 claim only against Defendant Davis.  Complaint, ¶¶26-28 (Count III); *see also* n.3, *supra.*

[5] Defendants District of Columbia and Davis acknowledge that the jury found in favor of Plaintiff with respect to her Section 1983 claim against Defendant Davis, but note that the jury found in favor of Defendant Davis with respect to Plaintiff's assault and battery claim against him.  *Id.*

David, et al. v. District of Columbia, et al.                                                                 4

against Defendant Davis, the award of only nominal damages warrants the conclusion that she "achieved very limited success[,]" and that "it would be unreasonable in this case for the plaintiff's counsel to recover any attorney's fees." *Id.* at 4.  Alternatively, Defendants District of Columbia and Davis submit that the fee request of $114,435.75 should be substantially reduced "in light of the limited success [Plaintiff] achieved in this case." *Id.* at 5.[6]  Lastly, these defendants submit that should the court determine that an award of fees and costs is appropriate, expenditures unrelated to Plaintiff David's claim against Defendant Davis should be excluded. *Id.* at 8-17.

     Plaintiff David, in her reply, submits that "[b]y obtaining a verdict of any kind in the subject case, plaintiff's success was extraordinary."  Plaintiff's Reply to Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Request for Attorney's Fees (Document No. 90) ("Plaintiff's Reply") at 2.[7]  Plaintiff David further submits that she is entitled to an award of fees and costs, and that there is no basis for any substantial reduction of the amount requested.  *Id.* at 5-12.

**DISCUSSION**

<u>Attorney's Fees</u>

     Section 1988(b) of Title 42 provides, in pertinent part, that

          [i]n any action or proceeding to enforce a provision of section[] . . .

---

[6] These defendants observe that Plaintiff David sought damages in the amount of $2,000,000 from Defendant Davis with respect to the Section 1983 claim, but was awarded only two dollars.  *Id.* at 1-2, 7-8; *see also* Complaint, Count III (Prayer for Relief).

[7] Plaintiff David addresses only the arguments made by Defendants District of Columbia and Davis.  Because Plaintiff David filed no reply to Defendant CNMC's opposition, the undersigned will deem CNMC's argument conceded.

David, et al. v. District of Columbia, et al.     5

> 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . [.]

42 U.S.C. §1988(b).[8]

This court has had limited occasion, through its published opinions, to address the issues so starkly presented here: (1) whether a plaintiff who is awarded only nominal damages for a Section 1983 claim is a "prevailing party" for purposes of 42 U.S.C. § 1988(b); and, if so, to what extent the fact of a nominal award affects the determination of what attorney's fee, if any, is reasonable.  In its seminal opinion, the United States Supreme Court held that a plaintiff "'may be considered a "prevailing party" for attorney's fees purposes if she succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.'" *Farrar v. Hobby,* 506 U.S.103, 109 (1992) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Nat'l Black Police Ass'n v. District of Columbia Bd. of Elections and Ethics,* 168 F.3d 525, 529 (D.C. Cir. 1999) (holding that an injunction "altered the legal relationship between the parties.").  The Court explained that "a plaintiff 'prevails' when actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12.  In the context of an entry of judgment in the amount of one dollar with respect to the plaintiff's Section 1983 claim, the Supreme Court reasoned that "[a] judgment for damages in any amount,

---

[8] Plaintiff David relies upon *National Organization for Women v. Operation Rescue*, 37 F.3d 646 (D.C. Cir. 1994), in support of her argument that she is entitled to recover fees for her claims other than her Section 1983 claim.  *See* Plaintiff's Reply at 9.  Plaintiff notes that in that opinion, the District of Columbia Circuit held that "[a]n award of attorneys' fees may properly extend to related pendent state law claims if the party also prevails on its federal civil rights claim." *National Organization for Women*, 37 F.3d at 653.  However, in the instant action, Plaintiff David never pled "pendent jurisdiction[,]" and the court never made any finding that it had, or would, exercise "pendent jurisdiction" over any "state law claims[.]"  The undersigned therefore finds that Plaintiff's reliance on *National Organization for Women* is misplaced.

David, et al. v. District of Columbia, et al.                                                                                          6

whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay[,]" and held that "a plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* at 112-13.

In its consideration of the reasonableness of the plaintiff's attorney's fee request, the Supreme Court held that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988." *Farrar,* 506 U.S. at 114. In the same context, the Court held that "the most critical factor" in the determination of the reasonableness of a request for an award of attorney's fees is "the degree of the plaintiff's overall success[.]" *Id.* at 114 (citing *Hensley*, 461 U.S. at 436); *see also Nat'l Black Police Ass'n,* 168 F.3d at 531 ("a plaintiff's degree of success is part of the reasonableness calculation when determining attorney's fees under Section 1988."). Accordingly, "[a] plaintiff who seeks compensatory damages but receives no more than nominal damages" is often a prevailing party who "should receive no attorney's fees [under Section 1988] at all." *Id.* at 115.

This court has held that a plaintiff who obtains a finding in his or her favor on the issue of liability with respect to a Section 1983 claim but receives only a nominal award of damages is nonetheless a "prevailing party" for purposes of Section 1988(b), and, in this instance, the District of Columbia defendants so concede. *Talley v. District of Columbia,* 433 F. Supp. 2d 5, 8 (D.D.C. 2006);[9] *see* District's Opposition at 3. However, in the context of an award of two

---

[9] In *Talley,* the plaintiff, like Plaintiff in the instant action, was awarded nominal damages–one dollar–with respect to her Section 1983 claim against an officer of the Metropolitan Police Department. However, this court found that the plaintiff was not a "prevailing party" because the award of damages was predicated upon a default by the officer rather than a determination by the trier of fact that the plaintiff prevailed on the merits of her claim. *Talley,* 433 F. Supp. 2d at 8.

David, et al. v. District of Columbia, et al.                                                                                                    7

dollars–an award identical to the one made in the instant action–the court further held that

> obtaining prevailing party status is not alone sufficient to acquire attorney's fees. Rather, once a plaintiff crosses the statutory threshold of establishing that [she] is a prevailing party, "it remains for the district court to determine what fee is 'reasonable.'"

*Id.* at 9 (quoting *Hensley,* 461 U.S. at 433). The court ultimately determined that "it would be unreasonable in this case for the plaintiff's counsel to recover any attorney's fees based on the nominal damages award, even if this Court could designate the plaintiff as a prevailing party." *Id.* at 10. The court explained that "this is true to even a greater extent here, considering why the nominal award was made[,]" and that "[t]o conclude otherwise[] would amount to nothing more than a 'windfall' for the plaintiff's attorney." *Id.* (citing *Farrar,* 506 U.S. at 115).

Post-*Talley*, another judge of this court applied *Farrar* in the determination of a reasonable fee where the jury found the District of Columbia and a private contractor jointly and severally liable to the plaintiff, and awarded the plaintiff $72,000 on her Section 1983 and common law claims. After entry of judgment, the plaintiff moved for attorney's fees pursuant to 42 U.S.C. § 1988(b) in the amount of approximately $1.3 million. In that instance, the court ultimately determined that "the gap between the $72,000 award and the $1.3 million requested is so great that the Court feels compelled . . . to reduce the amount of compensation sought . . . by 25 percent." *Smith v. District of Columbia,* 466 F. Supp. 2d 151, 161 (D.D.C. 2006).[10]

In *Smith,* as part of the court's consideration of the "gap" between the award to the

---

[10] The court also relied upon both *Hensley* and *City of Riverside v. Rivera,* 477 U.S. 561 (1986), a decision which preceded *Farrar.* In *City of Riverside,* the Supreme Court held that "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases[] . . . to depend on obtaining substantial monetary relief." 477 U.S. at 575. The court in *Smith* perceived "a real tension" among the holdings of *Farrar, City of Riverside* and *Hensley* (*see Smith,* 466 F. Supp. 2d at 160), but nonetheless - - as the undersigned does here - - endeavored to apply all three.

David, et al. v. District of Columbia, et al.                                                                                                   8

plaintiff and the amount of the request for attorney's fees, the court observed that "to put it in stark terms, the total fee requested is more than 18 times the monetary recovery." *Id.* In the instant action, the total fee requested is nearly 57,218 times the monetary recovery.

  The award to Plaintiff in this action with respect to her Section 1983 claim was identical to the award to the plaintiff in *Talley*. Strict application of *Talley* would compel a finding that "it would be unreasonable . . . for the plaintiff's counsel to recover any attorney's fees[.]" *See Talley,* 433 F. Supp. 2d at 10. However, the undersigned finds that in *Talley*, the court, in so finding, took into account that even the nominal award was predicated on the defendant's default. *Id.* Because Plaintiff in the instant action secured a finding with respect to liability at trial, the undersigned finds that *Talley* is distinguishable on that ground, and that the fact of an award of only a nominal amount does not, in and of itself, warrant denial of attorney's fees. Indeed, in *Farrar*, the Supreme Court declined to articulate such a *per se* rule, and instead, held that where a plaintiff recovers only nominal damages (presumably because of his or failure to prove a compensable injury), "the only reasonable fee is **usually** no fee at all." *Farrar*, 506 U.S. at 116 (emphasis supplied). Thus, the Supreme Court determined that the lower court erred not by awarding fees at all, but by doing so "without 'consideration of the relationship between the extent of success and the amount of the fee award.'" *Id.* at 116-17 (quoting *Hensley*, 461 U.S. at 438).

  Nonetheless, the undersigned must apply the standards articulated by the court in *Smith* to the fee request in an amount which is approximately 57,218 times the award to Plaintiff. While the court, in *Smith,* reduced the amount of the fee request by 25 percent, the court did not hold that such a reduction is a formula to be mechanically applied; rather, the court did so "after

David, et al. v. District of Columbia, et al.                                                                                          9

considering [the applicable Supreme Court precedent], and after giving much weight to the necessity of sufficiently compensating Plaintiff's counsel in a civil rights case, so as to ensure that civil rights plaintiffs will have access to highly competent counsel in the future[.]" *Smith,* 466 F. Supp. 2d at 161.[11]

Upon consideration of the same standards in the context of the instant action, in which Plaintiff's Section 1983 was but one count of a five-count complaint, the undersigned will calculate the amount of a reasonable attorney's fee by reducing the overall request by a percentage which is consistent with the relationship of the one count to the total of five; the undersigned then will further reduce that sum by a modest percentage in lieu of a line-by line analysis of each entry in Plaintiff's counsel's billing records. *See Noble v. Herrington,* 732 F. Supp. 114, 117 (D.D.C. 1989) (citation omitted) (noting that at least one judge of this court has reduced the lodestar fee "so as to correspond to plaintiff's success ratio on her various claims."); *Heard v. District of Columbia,* No. 2006 WL 2568013, at * 9 (D.D.C. Sept. 5, 2006) (approving a percentage reduction to address concerns regarding reasonableness). An eighty percent reduction to take into account that only one count of five renders Plaintiff eligible for an award of attorney's fees under 42 U.S.C. § 1988(b) is $22,887. The result of the calculation of a ten percent reduction of that amount is the sum of $20,598. The undersigned finds that an award of attorney's fees in that amount is reasonable, upon consideration of the applicable Supreme Court

---

[11] The District of Columbia Circuit has not had occasion to address this precise issue in any published opinion. However, the Second Circuit, for reasons virtually identical to those considered by this court in *Smith,* recognizes "a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust." *Raishevich v. Foster,* 247 F.3d 337, 344 (2d Cir. 2001); *but see Pouillon v. Little,* 326 F.3d 713, 717 (6th Cir. 2003) ("technical victory" through an award of damages of two dollars "does not demonstrate a degree of success sufficient to justify an award of attorney's fees pursuant to § 1988."); *Briggs v. Marshall,* 93 F.3d 355, 361 (7th Cir. 1996) (lower court did not abuse its discretion in denying attorney's fees where the jury awarded four dollars).

David, et al. v. District of Columbia, et al. 10

precedent and "the necessity of sufficiently compensating Plaintiff's counsel in a civil rights case[.]" *Smith,* 466 F. Supp. 2d at 161.

Costs

There is little dispute between Plaintiff and the District of Columbia defendants regarding Plaintiff's request for costs. The District of Columbia defendants seek to exclude $530.88 of costs on the ground that the activities and expenses attributable to the sums which total that amount did not relate to Plaintiff's Section 1983 claim. District's Opposition at 16-17.

Upon consideration of the proffers and arguments of Plaintiff and the District of Columbia defendants regarding the disputed costs, the undersigned will allow the costs attributable to the deposition of Sara Zimmerman, copying costs on April 13, 2003, July 10, 2003 and April 20, 2005; however, the undersigned will preclude the costs attributable to the deposition of Keith McGlen, the serving of the complaint on CNMC, and the cost of the courier service. Accordingly, Plaintiff will be awarded costs in the amount of $2,375.

**CONCLUSION**

For the foregoing reasons, it is, this 24th day of May, 2007,

**ORDERED** that Plaintiff, who is a prevailing party with respect to her Section 1983 claim against defendant Davis, is, in accordance with 42 U.S.C. § 1988(b), awarded $20,598 as a reasonable attorney's fee, and costs in the amount of $2,375.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

David, et al. v. District of Columbia, et al.                                                                                          11