UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                            )
**DARLENE DAVID, et al.**,      )
                            )
    **Plaintiffs**,            )
                            )
    v.                      )    Civil Action No. 02-1145 (RWR)
                            )
**DISTRICT OF COLUMBIA, et al.**, )
                            )
    **Defendants**.            )
_____ )

## MEMORANDUM OPINION AND ORDER

A jury found in favor of plaintiff Darlene David and her daughter against defendant Andre Davis and others for injuries suffered in an altercation. David's motion for attorneys' fees and costs was referred to a magistrate judge who issued an order granting David's motion. Defendant Davis has filed an objection to the magistrate judge's denial of his motion for reconsideration, arguing that the magistrate judge lacked authority to enter an order awarding fees and costs, and should have issued instead a report and recommendation to which objections could be raised with the district judge. Because Davis's objection has merit, it will be sustained.

BACKGROUND

A jury found Davis and others liable in connection with a fracas at a hospital, and awarded damages to David and her daughter. David moved for an award of attorneys' fees and costs.

- 2 -

The motion was referred to a magistrate judge without the consent of the parties having been sought or given.  On May 24, 2007, the magistrate judge issued a memorandum opinion and order awarding David attorneys' fees and costs ("May decision").  See David v. Dist. of Columbia, 489 F. Supp. 2d 45 (D.D.C. 2007).  Davis appealed the May decision to the court of appeals and later filed with the magistrate judge in August 2007 a motion under Federal Rule of Civil Procedure ("Federal Rule")[1] 60(b) for reconsideration of the May decision.  The D.C. Circuit, upon motion by Davis, ordered his appeal held in abeyance pending the district court's disposition of the Federal Rule 60(b) motion.  At a December 19, 2007 hearing on the motion for reconsideration, the magistrate judge found the motion untimely and denied it from the bench ("December decision").

    Davis has now filed with this court timely objections to the magistrate judge's December decision.  He insists that the motion for reconsideration should have been granted because the magistrate judge lacked authority to issue the underlying May decision as an order, and that the May decision instead should have been issued as "proposed findings and recommendations to the

---

[1] References to the Federal Rules of Civil Procedure and the Local Civil Rules will be to the versions in effect at the time of the underlying proceedings before the amendments to those rules went into effect on December 1, 2007 and April 10, 2007, respectively.  The amendments would not alter the analysis and ultimate outcome in this memorandum opinion.

- 3 -

presiding judge accompanied by notice to the parties of the right to appeal to the District Court." (See Def.'s Obj'ns to Denial of Mot. to Recons. Magistrate Judge's Final Order Granting Att'y's Fees ("Def.'s Obj'ns") at 1-2.)  Davis also appealed the December decision to the court of appeals, which consolidated the two appeals and ordered the second appeal similarly held in abeyance until the Federal Rule 60(b) motion was disposed of here.

DISCUSSION

The source of a magistrate judge's authority to act upon a motion filed with a district judge for attorneys' fees is Federal Rule 54(d)(2)(D).  That rule states that "the court . . . may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  Federal Rule 72(b), in turn, states that "[a] magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party . . . shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate."  Fed. R. Civ. P. 72(b).  That rule then gives a party the right to file with the district judge "specific, written objections to the proposed findings and recommendations" before any final order is entered concerning the motion.  Id.

- 4 -

The magistrate judge ruled on David's motion for attorneys' fees in the form of a dispositive memorandum opinion and order, not a recommendation.  The opinion stated that "[b]ecause the pending motion is one 'other than those motions specified in LCvR 72.3[,]' said motion may be determined by the undersigned in accordance with Local Civil Rule 72.2."[2]  David, 489 F. Supp. 2d at 46 n.1.  However, nothing in the Local Rules can expand the limited jurisdiction granted by Congress to a magistrate judge in Federal Rules 54(d)(2)(D) and 72(b) to issue a recommendation on a motion for attorneys' fees into the broader jurisdiction to issue a final determination on such a motion.  See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 153 n.4 (D.C. Cir. 1996) ("[D]istrict courts [cannot] circumvent the Federal Rules of Civil Procedure by implementing local rules or 'procedures' which do not afford parties rights that they are afforded under the Federal Rules.") (citing Brown v. Crawford County, 960 F.2d 1002, 1008 (11th Cir. 1992)) (internal quotations omitted); see also Carver v. Bunch, 946 F.2d 451, 453 (6th Cir. 1991) ("[L]ocal court rules . . . cannot conflict with

---

[2] Under Local Civil Rule ("Local Rule") 72.2(a), a district judge may make a referral to a magistrate judge to "hear and determine any pretrial motion or matter other than those motions specified in LCvR 72.3[.]"  LCvR 72.2(a).  Local Rule 72.3, in turn, provides a list of matters that are "referable to a magistrate judge for a hearing and recommendation," rather than for a determination as provided under Local Rule 72.2.  LCvR 72.3(a).  That list does not include motions for attorneys' fees.

- 5 -

the Federal Rules of Civil Procedure, Acts of Congress, and rules of practice and procedure prescribed by the Supreme Court.") (citation omitted); Coady v. Aguadilla Terminal Inc., 456 F.2d 677, 678 (1st Cir. 1972) ("[A] local rule cannot be applied . . . contrary to a federal statute or rule."). The same principle precludes district judges from exercising jurisdiction beyond that specified in the Constitution and congressional enactments. See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) ("The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]") (internal quotations and citation omitted); see also Owens v. Republic of the Sudan, 531 F.3d 884, 887 (D.C. Cir. 2008). Accordingly, the magistrate judge's May 24, 2007 memorandum opinion and order should have been issued as a report and recommendation, and it may be treated as such. See, e.g., Leyse v. Corp. Collection Servs., 557 F. Supp. 2d 442, 443 (S.D.N.Y. 2008) (deeming a magistrate judge's "Opinion and Order" on a referred motion for attorneys' fees as a "Report and Recommendation" in light of Federal Rules 54(d)(2)(D) and 72(b)(2)); Sieverding v. Colo. Bar Ass'n, Civil Action No. 02-cv-01950, 2006 U.S. Dist. LEXIS 70777, at *6 (D. Colo. Sept. 27, 2006) ("[A] magistrate judge does not have authority to enter a final order or judgment concerning attorney fees, but only to make a recommendation. . . . Because the [magistrate judge's]

- 6 -

ruling involved a final disposition of . . . questions concerning attorney fees, the court will treat it as a recommendation.") (citing Rajaratnam v. Moyer, 47 F.3d 922, 923-24 (7th Cir. 1995); Estate of Conners v. O'Connor, 6 F.3d 656, 658-59 (9th Cir. 1993)).

A party may file objections to a magistrate judge's recommendations about an attorney's fee motion within ten days. Fed. R. Civ. P. 72(b)(2), 54(d)(2)(D).  David argues that Davis waived his right to object because he took no action to complain about the May decision until August.  Nothing in the record suggests any justification for his months of inaction, and Davis offers no explanation for it.[3]  Instead he seeks relief under Federal Rule 60(b) from the May order.[4]

Federal Rule 60(b) permits a party to seek relief from a final order and reads in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[3] Local Civil Rule 72.3(b) imposes a similar ten-day period within which to object, and requires a magistrate judge's report and recommendation to contain a notice warning that a party's failure to file timely objections may waive the party's right to appeal from any district court order adopting the recommendation. The May decision did not bear such a notice, but Davis does not advance this fact as a reason for his lapse.

[4] Davis leaves the impression that he abandoned all diligence until belatedly stumbling across a possible device for undoing a magistrate judge's ruling denominated and given effect as an order and not as a recommendation subject to a ten-day objection deadline.

- 7 -

>   (1) mistake, inadvertence, surprise, or excusable
>   neglect; . . . (4) the judgment is void; . . . or (6)
>   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[5]  "[J]udges [are] vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion[.]"  Lightfoot v. Dist. of Columbia, 555 F. Supp. 2d 61, 65 (D.D.C. 2008) (internal quotations and citation omitted).  A motion under Federal Rule 60(b) "shall be made within a reasonable time, and for reason[] (1), . . . not more than one year after the judgment, order, or proceeding was entered or taken."  Baltia Air Lines v. Transaction Mgmt., 98 F.3d 640, 642 (D.C. Cir. 1996) (citing Fed. R. Civ. P. 60(b)).  "What constitutes reasonable time must of necessity depend on the facts in each individual case.  [A] court[] consider[s] whether the party opposing the motion has been prejudiced by the delay in seeking relief and . . . whether the moving party had some good reason for his failure to take appropriate action sooner."  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2866 (3d ed. 1998).  However, the "'reasonable time' . . . limitation does not apply to a motion under clause (4) attacking a judgment as void.  There is no time limit on a motion of that kind."  Id.  See also Von Dardel v. Union of Soviet Socialist Republics, 736 F. Supp. 1, 4 n.8

---

[5] Davis relies only on 60(b)(1), (4), and (6).  (See Def.'s Obj'n at 4 ("[D]efendant's motion to reconsider was authorized pursuant to Rule 60(b)(1), 60(b)(4), or 60(b)(6).").)

(D.D.C. 1990) ("No time limit will prevent an attack on a judgment as void.").

While the unexplained delay of Davis's motion for reconsideration might present a forceful argument for denying the motion under the first and sixth clauses of Rule 60(b), it cannot serve as the basis for denying the motion under the fourth clause.  Under that latter clause, a judgment is void if "the court . . . proceeded beyond the powers granted to it by law." Muwekma Tribe v. Norton, 206 F. Supp. 2d 1, 3 (D.D.C. 2002) (citation omitted).  The magistrate judge did not have jurisdiction under Federal Rule 72(b) to issue the May decision in the form of a final order as opposed to a recommendation to the district judge.  Since a court's subject matter jurisdiction cannot be waived, see Osseiran v. Int'l Fin. Corp., 498 F. Supp. 2d 139, 143 (D.D.C. 2007) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)), that order is void, and Davis's objection to the magistrate judge's denial of his Rule 60 motion will be sustained.

## CONCLUSION AND ORDER

Because the magistrate judge's May 2007 memorandum opinion and order should have been issued as a report and recommendation in accordance with Federal Rules 54(d)(2)(D) and 72(b) and Local Rule 72.3, Davis's motion for reconsideration of the May 2007 decision should have been granted under Federal Rule 60(b)(4).

As a result, Davis's objection to the magistrate judge's denial of his motion for reconsideration will be sustained. Accordingly, it is hereby

ORDERED that defendant Davis's objections [100] to the magistrate judge's denial of his motion [95] for reconsideration be, and hereby is, SUSTAINED.  The May decision will be treated as a recommendation, and the parties are given ten days after they are served with this memorandum and opinion to serve and file written objections to the findings and outcome reflected in the May decision.  Failure to file timely objections to the findings and outcome reflected in the May decision may waive a party's right of appeal from an order of this court adopting such findings and outcomes.  See Thomas v. Arn, 474 U.S. 140 (1985).

SIGNED this 11th day of September, 2008.

                                                  _____/s/_____
                                                  RICHARD W. ROBERTS
                                                  United States District Judge