**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                               )
DARLENE DAVID, <u>et al.</u>,        )
                               )
     Plaintiffs,               )
                               )
     v.                        )     Civil Action No. 02-1145 (RWR)(DAR)
                               )
DISTRICT OF COLUMBIA, <u>et al.</u>, )
                               )
     Defendants.               )
_____ )

<u>**MEMORANDUM OPINION**</u>

A jury awarded plaintiff Darlene David $2,000 in compensatory damages against the District of Columbia ("District"), $30,000 in compensatory damages against the Children's National Medical Center ("CNMC"), and $1 in compensatory damages and $1 in punitive damages against Metropolitan Police Officer Andre Davis for injuries arising out of an assault.  The District and Davis have objected to Magistrate Judge Deborah A. Robinson's recommendation that Davis pay David $20,598 in reasonable attorneys' fees and $2,375 in costs.  Because the magistrate judge's recommended attorneys' fees award is reasonable, the defendants have failed to support their objection to the recommended award of costs, and the costs are appropriately reimbursable, Magistrate Judge Robinson's recommendations will be adopted.

BACKGROUND

David sued the District, Davis, and CNMC for damages for
injuries sustained by David and her minor daughter arising out of
an assault against David in a treatment room at the CNMC.
David's complaint included claims of assault and battery,
intentional and negligent infliction of emotional distress, and
false arrest and imprisonment against all defendants, and a civil
rights claim against Davis under 42 U.S.C. § 1983 for arresting
David under color of state law without probable cause in
violation of David's Fourth Amendment rights.  A jury found
against all defendants on David's claims of negligent infliction
of emotional distress, and false arrest and imprisonment, against
the District and CNMC on the assault and battery claim, and
against Davis on the § 1983 civil rights claim.  The jury
awarded David $2,000 in compensatory damages against the
District, $30,000 in compensatory damages against CNMC, and $1 in
compensatory damages and $1 in punitive damages against Davis.

After the trial, David moved for an award of $114,435.75 in
attorneys' fees and $2,557.63 in costs against all defendants
under 42 U.S.C. § 1988.  Magistrate Judge Robinson recommended [1]
ordering Davis to pay David $20,598 in reasonable attorneys' fees
under § 1988 and $2,375 in costs.  In setting the $20,598 fee

---

[1] The magistrate judge issued an order, which has been
treated as a report and recommendation.  See David v. D.C., 252
F.R.D. 56, 60 (D.D.C. 2008).

amount, the magistrate judge found that although David recovered no more than $2 against Davis, she was nonetheless entitled to an award of attorneys' fees under § 1988.  In considering the significant disparity between David's $2 recovery against Davis and David's request of $114,435.75 in attorneys' fees, the magistrate judge found it reasonable to reduce David's requested fees by eighty percent "to take into account that only one count of five renders Plaintiff eligible for an award of attorney's fees under [§ 1988]" and an additional ten percent "in lieu of a line-by-line analysis of each entry in Plaintiff's counsel's billing records," to account for Davis's challenges to specific billing records.  David v. D.C., 489 F. Supp. 2d 45, 51 (D.D.C. 2007).

The District and Davis have filed objections to the magistrate judge's recommendation, contending that "although [David] was a prevailing party at trial, she is not entitled to attorney's fees in this case" because she received only nominal damages against Davis.  (Defs.' Objns. at 3.)[2]  In addition, the defendants argue that David failed to separate the costs of her unsuccessful claims from those of her successful claim.  (Id. at 11.)

---

[2] David does not object to the magistrate judge's recommended reduced award of $20,598 against Davis.

DISCUSSION

A magistrate judge's report and recommendation is reviewed de novo.  Highland Renovation Corp v. Hanover Ins. Group, 620 F. Supp. 2d 79, 80-81 (D.D.C. 2009); LCvR 72.3(c); see Fed. R. Civ. P. 72.

I.   ATTORNEY'S FEES UNDER § 1988

Under 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of [section 1983,] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  Congress passed § 1988 "to ensure 'effective access to the judicial process' for persons with civil rights grievances."  Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, at 1 (1976)).  Because David seeks attorneys' fees under § 1988, and her civil rights claim was brought against Davis, David may recover attorneys' fees from Davis.[3]  "[T]o qualify for attorney's fees under § 1988, a plaintiff must be a 'prevailing party.'"  Farrar v. Hobby, 506

---

[3]The District and Davis opposed David's initial request to have all defendants liable for attorneys' fees and costs.  The magistrate judge recommended that fees and costs be assessed against Davis alone.  As David has filed no objection to the magistrate judge's recommendation, that issue is no longer in dispute, nor is the issue of whether fees can be recovered for the related non-constitutional claims on which David prevailed. (See Pl.'s Reply to Defs.' Opp'n to Pl.'s Req. for Atty.'s Fees at 9 (citing Nat'l Org. for Women v. Op'n Rescue, 37 F.3d 646, 653 (D.C. Cir. 1994).)

U.S. 103, 109 (1992).  To be a prevailing party, a plaintiff "must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought . . . ."  Id. at 111 (citations omitted); Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603-05 (2001); see D.C. v. Straus, 607 F. Supp. 2d 180, 183 (D.D.C. 2009).  A plaintiff who receives only nominal damages is nonetheless a prevailing party under § 1988 because "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Farrar, 506 U.S. at 113.  Thus, although the jury awarded David only nominal damages against Davis, she was nonetheless a prevailing party eligible for attorneys' fees under § 1988.

"Although the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded under § 1988. . . .  '[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"  Farrar, 506 U.S. at 114 (quoting Hensley, 461 U.S. at 436) (internal citations omitted).  Thus, when a plaintiff recovers only nominal damages because she failed to prove an essential element of her claim for monetary relief -- that is,

"actual, compensable injury" -- "the only reasonable fee is usually no fee at all." Id. at 115 (citation omitted) (emphasis added).

Neither the Supreme Court nor the D.C. Circuit has described what constitutes the unusual case where a plaintiff receiving only nominal damages on her civil rights claim has nonetheless achieved sufficient success such that an award of attorney's fees under § 1988 is appropriate. However, Justice O'Connor, writing separately in Farrar, explained that "an award of nominal damages can represent a victory in the sense of vindicating rights even though no actual damages are proved." Farrar, 506 U.S. at 121 (O'Connor, J., concurring). She opined that, as a result, "[t]he difference between the amount recovered and the damages sought is not the only consideration[.]" Id. Instead, "the relevant indicia of success" for determining the reasonableness of an attorney's fees award include "the extent of relief, the significance of the legal issue on which the plaintiff prevailed, and the public purpose served[.]" Id. at 122. At least seven circuits have recognized these factors as appropriate considerations for determining an award of attorney's fees under § 1988. See Jama v. Esmor Corr. Servs., Inc., 577 F.3d 169, 175-76 (3d Cir. 2009); Benton v. Or. Student Assistance Comm'n, 421 F.3d 901, 905-06 (9th Cir. 2005); Mercer v. Duke Univ., 401 F.3d 199, 203-04 (4th Cir. 2005) (collecting cases); Boston's Children

First v. City of Boston, 395 F.3d 10, 16 (1st Cir. 2005); Murray
v. City of Onawa, Iowa, 323 F.3d 616, 619-20 (8th Cir. 2003);
Brandau v. Kan., 168 F.3d 1179, 1181-82 (10th Cir. 1999);
Cartwright v. Stamper, 7 F.3d 106, 109 (7th Cir. 1993).

Here, although David received only nominal damages against
Davis, the jury's verdict nonetheless represents a significant
legal vindication that serves an important public purpose.  The
jurors found that Davis violated David's Fourth Amendment right
to be free from unlawful arrest.  They were instructed that they
could impose a punitive damage award against Davis to punish him
as a deterrent to other officers if the jurors found by "clear
and convincing evidence" that Davis acted willfully and
outrageously under the circumstances.  (See Final Instructions to
Jury at 40.) David argued that arresting her for trying to see
her minor child after her child had been reported to have been
sexually assaulted warranted a punitive award as a signal that
the officer must modify his behavior and chosen response in
future similar situations.  The jury apparently agreed.  Because
the jury verdict vindicating an important right serves this
public purpose, an award of attorneys' fees to David under § 1988
is reasonable in this case.

While there is reason to award fees under § 1988, a "court
should award only that amount of fees that is reasonable in
relation to the results obtained," Hensley, 461 U.S. at 440, and

it has "broad discretion to reduce requested fees when a plaintiff has achieved limited success on her basic claim." <u>Goos v. Nat'l Ass'n of Realtors</u>, 68 F.3d 1380, 1384 (D.C. Cir. 1995). The magistrate judge's recommended award of $20,598, to which David has not objected and which is a substantial reduction of the $114,435.75 in attorneys' fees sought by David, is reasonable in relation to David's degree of success on her claims against Davis, and it will be adopted.

II.   COSTS

The magistrate judge recommends awarding to David costs in the amount of $2,375.[4]   The defendants object to this award, contending that David should not recover the costs permitted by the magistrate judge because such costs were "not reasonably associated with the litigation of [David's] § 1983 claim."   (<u>See</u> Defs.' Objns. at 11.)   A review of David's request reveals that the costs identified are of the kind usually awarded to a prevailing party, and the defendants' brief objection to the magistrate judge's recommended award of costs fails to explain the basis for the defendant's assertion that the modest costs allowed by the magistrate judge were irrelevant to David's

---

[4] David's motion for attorneys' fees and costs sought $2,557.63 in costs.   The magistrate judge's recommendation reasonably excludes the costs attributable to the deposition of Keith McGlen, service of the complaint on CNMC, and courier services on June 3, 2003.   <u>David</u>, 489 F. Supp. 2d at 52.   David has not objected to the exclusion of these costs, and the magistrate judge's exclusion of these costs will be adopted.

claims.  In addition, where, as here, a plaintiff asserts
multiple claims based on the same core set of facts, costs are
likely to relate to all claims and cannot be easily separated on
a per-claim basis.  Cf. Hensley, 461 U.S. at 435 (recognizing
that in cases where "the plaintiff's claims for relief involve a
common core of facts[,] . . . [m]uch of counsel's time will be
devoted generally to the litigation as a whole, making it
difficult to divide the hours expended [by counsel] on a claim-
by-claim basis").  Accordingly, the magistrate judge's
recommended award of $2,375 in costs will be adopted.

                          CONCLUSION

     Although David received only nominal damages on her claims
against Davis, she is entitled to an award of reasonable
attorneys' fees because she achieved a significant legal
vindication that advanced a public purpose.  Because Magistrate
Judge Robinson's recommended award of $20,598 is reasonable in
this case, the defendants' objections to the magistrate judge's
recommendation will be overruled, and the magistrate judge's
recommendation will be adopted.  In addition, because the
defendants have failed to support their objection to Magistrate
Judge Robinson's recommended award of $2,375 in costs and because
the costs sought by David are appropriately reimbursable, the
magistrate judge's recommendation regarding David's request for

- 10 -

costs will be adopted.   An appropriate order accompanies this

memorandum opinion.

      SIGNED this 19th day of November, 2009.


                                        /s/
                              RICHARD W. ROBERTS
                              United States District Judge